T.C. Summary Opinion 2007-89

UNITED STATES TAX COURT

BONNIE L. DUNCAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7114-06S.                    Filed May 31, 2007.

Bonnie L. Duncan, pro se.

<u>Michael Bitner</u>, for respondent.

FOLEY, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

case. The issues for decision are whether petitioner is entitled to mortgage interest and charitable contribution deductions.

## Background

Petitioner is the founder of All Creatures Animal Sanctuary and Fellowship Church (All Creatures), an organization located in Hillsboro, Missouri. All Creatures' mission is to house and support abandoned and neglected animals. Petitioner, in 2002 and 2005, created All Creatures as a nonprofit corporation, but on both occasions, the corporation was administratively dissolved for failure to file an annual report. On January 16, 2007, the Missouri Secretary of State received a request from petitioner for reinstatement of nonprofit status for All Creatures. To finance the sanctuary, petitioner took several mortgages on her personal residence from multiple banking institutions.

On her 2001 and 2002 Federal income tax returns, petitioner reported mortgage interest deductions of $42,060 and $39,660, respectively. Additionally, petitioner reported charitable contribution deductions in 2001 and 2002 of $37,258 and $29,545, respectively. On January 11, 2006, respondent issued petitioner a notice of deficiency relating to 2001 and 2002. Respondent determined that petitioner did not substantiate the mortgage interest and charitable contribution deductions.

On April 11, 2006, petitioner, while residing in Florissant, Missouri, filed her petition with the Court.

## Discussion

Petitioner contends that she should be allowed a mortgage interest deduction relating to payments she allegedly made to Westco Investments. She does not dispute respondent's disallowance of deductions relating to payments made to other banks. In addition, petitioner contends that she is entitled to the charitable contribution deductions because she paid all expenses on behalf of All Creatures, an organization she contends is a tax-exempt charitable organization pursuant to section 501(c)(3). Respondent contends that petitioner has not substantiated her mortgage interest and charitable contribution deductions.

Pursuant to section 163(h)(3), a taxpayer is entitled to deduct qualified residence interest but must maintain sufficient records to substantiate the amounts of the deduction. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner has failed to do so. In addition, petitioner has failed to substantiate her charitable contribution deductions. Accordingly, we sustain respondent's determinations.[2]

---

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.